HOWELL, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOHN L. MACAULY, Commissioner, v. JOHN G. ROBINSON.

Where the holder of the stock of a private corporation, which stock had not been fully paid up, has his stock declared forfeited by the corporation on account of nonpayment of installments due:

*Held*:—That the forfeiture of the stock dissolved the stockholder's connection with the corporation, and he cannot be held liable by creditors of the corporation for the amount unpaid on such stock in proceedings in insolvency.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Hewes & Eustis*, for appellant. *Mott & Fraser*, for appellee.

LABAUVE, J. The Mississippi Sound Company, now declared insolvent, and represented by plaintiff as commissioner, was organized under the act approved March 14, 1855, as a private corporation; the defendant subscribed to forty shares of $50 each, making an aggregate sum of $2,000, on which he paid $600. Having failed to pay the balance of $1,400, the directors of said company, on the 12th October, 1857, resolved that his subscription to the company of forty shares, on which $600 had been paid, be declared forfeited according to the terms of the charter; and on the same day he was notified thereof. The company having forfeited its charter for insolvency, under section six of the act above quoted, the plaintiff was appointed commissioner to effect its liquidation, and now claims of the defendant the said balance due on his subscription; the answer is first a general denial. Defendant admits that he subscribed to forty shares of the Mississippi Sound Company, but pleads that he paid $600 to the said Mississippi Sound Company, and that after said payment he was notified that at a meeting of the directors of said company, held October, 1857, his subscription of forty shares was declared forfeited, according to the requirements of the charter, which said forfeiture of his

said stocks before suit, operated his discharge and release.

The District Court, after hearing the testimony, gave judgment for plaintiff against defendant for the balance claimed, and the defendant took this appeal.

This company was incorporated for the purpose of building and equipping steamboats for the transportation of freight and passengers on Lake Pontchartrain, Lake Borgne, Mississippi Sound, Mobile Bay, the Gulf of Mexico and the tributary waters thereof; its charter was framed and recorded as required by the act of March 14, 1855, and contains the following dispositions:

Article 10 : When any installment for stock subscribed is not paid punctually when due, the directors may sue the subscriber for the amount or amounts due, or in their option, after giving him two weeks' notice of the same, served personally on him or his legal agent, at any meeting of the directors, declare the same forfeited, as well as the amount he may have paid on his stock.

On the 12th October, 1857, as stated above, the stock of the defendant was duly declared forfeited by the directors, and he duly notified thereof, as prescribed above. But the plaintiff contends that the company was insolvent at the time the said stock were forfeited, and that the directors could not release any of the stockholders to the detriment of the creditors.

The evidence shows that the said company was very much in debt at the time of the said forfeiture of stock, but fails to inform us when the said company was forced into insolvency, as prescribed in section sixth of the act under which it was incorporated; the plaintiff, however, admits, in his brief, that this insolvency was declared subsequent to the said forfeiture; therefore, the charter of the company was in full force until declared forfeited, and the directors were in full power to act and declare, on the 12th October, 1857, that the said stock of the defendant was forfeited. We are of opinion that the defendant, by this forfeiture, was no longer responsible as a stockholder, either to the company or to its creditors; all relations between him and the company and the creditors had ceased.

The law requires that the charter of this corporation shall be recorded in the office of the recorder of mortgages at the place selected for their domicil, and published in a newspaper at the domicil, once a week, at least thirty days.

The object of this is to give notice to the world of the dispositions and stipulations contained in the charter, and to inform any one, desiring to deal with the company, of the obligations and responsibility of the stockholders; the creditors have then constructive notice of the dispositions under which stockholders may forfeit their stock and be released; but the gravest and most important question, purely of law, is whether a stockholder, notwithstanding the forfeiture of his stock and release, is yet bound to the creditors for the unpaid balance? The act referred to says:

§ 8. That no stockholder shall ever be held liable or responsible for contracts or faults of such corporation, in any further sum than the unpaid balance *due* to the company on the shares *owned* by him. Now, does the defendant *owe any balance* to the company? No; he has been released. Does he *own any share* as stockholder? No; he has forfeited them. We conclude that the defendant is not bound in any manner.

It is therefore ordered and decreed, that the judgment appealed from be annulled and avoided. It is further adjudged and decreed, that there be judgment for defendant, and that the plaintiff and appellee pay costs in both Courts.